IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LENOXX NEWCOMER, | ) ) | Case No. 1:24-cv-195 |
| Petitioner | ) ) | SUSAN PARADISE BAXTER |
| v. | ) ) | United States District Judge |
| RANDY IRWIN, *Superintendent, SCI* *Forest*, et al. | ) ) ) | RICHARD A. LANZILLO Chief United States Magistrate Judge |
| Respondents. | ) ) ) ) | REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 3) |
| | ) | |

REPORT AND RECOMMENDATION

I.      Recommendation

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Petitioner Lenoxx Newcomer pursuant to 28 U.S.C. § 2254, ECF No. 3, be denied as moot. It is further recommended that no certificate of appealability issue.

II.     Report

A.      Procedural History

Petitioner commenced this litigation on July 2, 2024, when he mailed his original petition.[1] ECF No. 1 at 3. Petitioner was then serving a sentence of 18 to 60 months' incarceration imposed on September 18, 2019, by the Court of Common Pleas of Cambria County at Docket Number CP-11-CR-0000672-2019. His maximum sentence date was January 9, 2024.

On October 20, 2021, Petitioner was released on parole; however, ultimately, on May 8, 2024, the Pennsylvania Parole Board ("the Board") recommitted him as a convicted parole violator. His parole violation maximum date was April 10, 2026.

---

[1] At that time, Petitioner was incarcerated at the State Correctional Institution at Forest.

The pending Petition was filed on August 8, 2024. ECF No. 3. Therein, Petitioner asserts that the Board's recalculation of his maximum sentence date was a violation of his constitutional rights. Respondents filed an Answer. ECF No. 7.

The petition is ripe for review.

B.    Jurisdiction

Under 28 U.S.C. § 2254, a federal court may grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g., Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

C.    Analysis

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78).

Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). Such is the case here.

Petitioner's maximum sentence date has now passed, and a check of the Pennsylvania Department of Corrections' Inmate/Department Supervised Individual Locator website reveals that Petitioner is no longer in DOC custody. For this reason, this Court cannot provide Petitioner with any habeas relief.

Accordingly, the petition should be denied as moot.

D.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner is not entitled to a certificate of appealability because jurists of reason would not find it debatable that his claims should be dismissed as moot. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

III.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

RICHARD A. LANZILLO
Chief United States Magistrate Judge

Dated:  April 17, 2026

3